## MURPHY *v*. WELCH.

### (*Supreme Court of Massachusetts*.)

ADVERSE HOLDING.    There can be no adverse use of one of two lots in favor of the other, while both belong to the same owner.

EASEMENT.    A mortgager can make no contract creating an easement in the mortgaged premises effectual to bind the mortgagee or prejudicial to his title.

STATEMENT.    Action of tort for trespass on land of the plaintiff.    The material facts are as follows: The plaintiff and defendant owned two ad-joining lots of land.    The defendant used a strip of the plaintiff's land, about four feet in width, and next adjoining his (the defendant's) lot as a drive-way, claiming a right of way thereon, which was the trespass com-plained of.    On 6th August, 1856, one Pendergrast owned both lots, and mortgaged the lot now owned by plaintiff to a corporation, with power of sale, and subsequently he conveyed the other lot to one Cowley, the deed purporting to convey a right of passage over said strip, four feet wide, in the plaintiff's lot, but the mortgage contained no such provision or condi-tion; and the plaintiff derived his title from the mortgagees, by a sale made June 1, 1858.    The writ was dated February 25, 1878.    Verdict for plaintiff, and case reported.

AMES, J.    While the lots were in Pendergrast's ownership, it would be impossible that there could be such an adverse use as would create an easement in favor of one of the lots within the limits of the other.    In Pendergrast's mortgage to the corpora-tion there was no provision for the creation of a common passage way; and the corporation's title has been effectually transferred to the plaintiff, whose grantors took possession as early as June 1, 1858.    It is true that the defendant's occupation and use of the passage way begun as early as August, 1856, but it cannot be said at that time to have had any of the characteristics of an ad-verse use.    On the contrary, it was by virtue of a conveyance of the owner of the equity of redemption, and could have no effect

upon the rights of the mortgagees and those claiming under them. The mortgagor can make no lease or contract respecting the mortgaged premises effectual to bind the mortgagee or prejudicial to his title. *Perkins* v. *Pitts*, 11 Mass., 125, 130. Exclusive possession by a mortgagor and those claiming under him, with a claim of exclusive ownership, does not of itself amount to a disseisin of the mortgagee so as to invalidate a transfer of the mortgage title. There is nothing in the facts reported to show that any claim adverse to the mortgagee was known to the corporation. *Sheridan* v. *Welch*, 8 Allen, 166.

The plaintiff claims under the older and paramount title; and as the defendant fails to show any adverse enjoyment covering twenty entire years before the suit was brought, there must be

*Judgment on the Verdict.*

—*Reporter.*